# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMOLA KAYE BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-336-6

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Ramola Kay Brown was convicted by a jury of conspiring to possess with intent to distribute five kilograms or more of cocaine and less than 50 kilograms of marijuana. She was sentenced to 145 months of imprisonment. On appeal, Brown claims that the evidence was insufficient to allow the jury to conclude that she had the requisite knowledge, intent, and voluntariness to support a guilty verdict. We review her sufficiency challenge de novo and will

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uphold the verdict if a reasonable trier of fact could have found that the evidence established her guilt beyond a reasonable doubt. *United States v. Alaniz*, 726 F.3d 586, 600-01 (5th Cir. 2013).

To establish a conspiracy under 21 U.S.C. § 846, the Government must prove "(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012) (quoting *United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012)) (internal quotation marks omitted). The elements of a conspiracy offense may be established solely by circumstantial evidence. *United States v. Espinoza-Seanez*, 862 F.2d 526, 537 (5th Cir. 1988).

The evidence adduced at trial showed that a vehicle driven by Brown was stopped and over 20 pounds of marijuana was found in the trunk. There was testimony that Brown admitted that she had coordinated with a marijuana supplier and that she was to be paid $250 for transporting the contraband. Recordings of telephone calls, along with testimony regarding surveillance of Brown and the marijuana supplier, allowed the jury to reasonably infer that there was an agreement to traffic marijuana and that Brown was acting as the driver of the contraband. There was also testimony that Brown admitted to a law enforcement officer that she had transported money and marijuana for an individual identified as the leader of the drug trafficking organization. In view of the foregoing, the evidence is sufficient to establish Brown's participation in the charged marijuana trafficking conspiracy. *See Alaniz*, 726 F.3d at 600-01.

The evidence is likewise sufficient to support the guilty verdict on the charge of conspiring to possess with intent to distribute five kilograms or more of cocaine. *See id.* The trial evidence showed the existence of a conspiracy to

traffic cocaine; it further established that Brown, working for the leader of the drug trafficking organization, on several occasions exchanged money for cocaine, which she then transported from one city to another.  In view of the foregoing, we affirm Brown's conviction.

Brown also argues that the district court clearly erred by denying her request for a minor role adjustment under U.S.S.G. § 3B1.2.  We review the district court's application of the Sentencing Guidelines de novo and its factual findings, including reasonable inferences drawn from those facts, for clear error.  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  Whether a defendant played a minor role in a criminal offense is a finding of fact.  *United States v. Morrow*, 177 F.3d 272, 305 (5th Cir. 1999).

We have long held that a defendant's function as transporter of drugs does not, without more, entitle her to a minor role reduction.  *See United States v. Pofahl*, 990 F.2d 1456, 1485 (5th Cir. 1993).  Here, however, Brown was not merely a transporter of contraband.  As discussed above, Brown coordinated with a supplier to pick up a load of marijuana and exchanged money for loads of cocaine, which she transported from one city to another.  Brown also helped count currency for the leader of the drug trafficking organization.  Further, the trial evidence showed that Brown participated in a telephone call in an attempt to recover five kilograms of cocaine that had been stolen from the drug trafficking organization.  In view of the foregoing, the district court did not clearly err in denying a minor role adjustment.  *See Alcantar*, 733 F.3d at 146.

AFFIRMED.